(61 Misc. Rep. 532.)

### COLONIAL MATCH CO. v. FOX.

(Supreme Court, Special Term, New York County.   December, 1908.)

TRUSTS (§ 250*) — MISCONDUCT IN HANDLING THE TRUST — ACTION AGAINST TRUSTEE—REPRESENTATIVE CAPACITY.

An action will not lie against a trustee in his representative capacity for his individual wrong in handling the trust estate.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 356; Dec. Dig. § 250.*]

Action by the Colonial Match Company against J. Willet Fox.  Demurrer to complaint sustained.

Willard G. Stanton, for plaintiff.
Albert F. Gescheidt, for defendant.

GOFF, J.  Demurrer must be sustained.  The stock sold did not belong to the plaintiff.  Therefore there could not be damage sustained unless special causes intervened, and those causes would have to be pleaded in order to show special damage.  There is no statement of fact showing damage to plaintiff because of such sale.  An allegation "that by reason of the wrongful and unlawful acts of the defendant as such trustee,  *  *  *  plaintiff has been damaged," is a mere conclusion.  According to its terms, the trustee was vested with power to determine whether there was a breach of the agreement. If he "wrongfully and unlawfully exercised this power, and wrongfully and unlawfully sold the stock," the Bonded & Security Company, the owner of the stock, may have a remedy for the wrong done.   A common-law action for damages is instituted against the defendant in his representative capacity.  If judgment followed the averments and prayer of the complaint, it would run against the trustee as such and be leviable on the corpus of the trust.  When that is to be affected, the cestui que trust cannot be ignored.  A trustee may not be liable in his representative capacity for his individual wrong in handling the trust.

Demurrer sustained.